**BUCHANAN INGERSOLL & ROONEY PC**
**700 Alexander Park, Suite 300**
**Princeton, New Jersey 08540**
**(609) 987-6800**
**Attorneys for the former Official Committees of Unsecured Creditors of**
**First Connecticut Holding Group, Inc. and James Licata**
**Louis T. DeLucia, Esq. (LD 3879)**
**Alan J. Brody, Esq. (AB 4777)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT (BRIDGEPORT)**

_____

In re:                                          :
                                                :
                                                :      **Chapter 7**
**FIRST CONNECTICUT CONSULTING** :
    **GROUP, INC.,** *et al.,*                  :      **Case No. 02-50852-AHWS**
                                                :
                                                :
                                                :      **(Jointly Administered)**
                    Debtors.                    :
_____:

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE**
**AND FINAL APPLICATION FOR APPROVAL OF FEES AND**
**REIMBURSEMENT OF EXPENSES OF BUCHANAN INGERSOLL & ROONEY PC**
**AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

TO:   THE HONORABLE ALAN H. W. SHIFF,
       JUDGE FOR THE UNITED STATES
       BANKRUPTCY COURT FOR THE
       DISTRICT OF CONNECTICUT

Buchanan Ingersoll & Rooney, PC (the "Buchanan Firm"), counsel to the former

Official Committees of Unsecured Creditors (the "Committees") of First Connecticut

Consulting Group, Inc. ("FCCG") and James Licata ("Licata"), appointed in the Chapter 11

Cases (the "Chapter 11 Cases") of FCCG and Licata, two of the above captioned debtors and

debtors-in-possession (collectively, the "Debtors"), respectfully represents as follows:

## I.    <u>INTRODUCTION</u>

1.    The Buchanan Firm, as former counsel to the Committees, submits this request for the allowance and payment, as a Chapter 11 administrative expense, and final application for compensation for professional services rendered and expenses incurred in its representation of the Committees (the "Application"), as provided under Sections 330, 331 and 503 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Order of the Court dated August 14, 2006[1] (the "August 2006 Order"), a copy of which is annexed hereto as **Exhibit <u>A</u>**.

2.    By this Application, the Buchanan Firm seeks (i) an award of compensation in the amount of $414,300.00, representing 1,704.70 hours of professional services rendered, and reimbursement of disbursements actually and necessarily incurred in the amount of $8,924.47, recorded for the period of August 1, 2005 through and including March 31, 2006 (the "Fifth Interim Period"), in accordance with the Buchanan Firm's Application for Fifth Interim Allowance of Compensation and Reimbursement of Expenses (the "Fifth Interim Fee Application") filed on May 24, 2005; (ii) an award of compensation in the amount of $78,206.00, representing 334.6 hours of professional services rendered, and reimbursement of disbursements actually and necessarily incurred in the amount of $2,826.86, recorded for the period of April 1, 2006 through and including June 27, 2006 (the "Final Fee Period"); (iii) a final allowance of compensation for professional services rendered to and on behalf of the Committees during the Chapter 11 Cases in the aggregate amount of $1,382,683.50 ("Allowed Fees"), together with reimbursement of disbursements actually and necessarily incurred in the aggregate amount of

---

[1] Pursuant to the Order and Notice Fixing Last Day For Filing Requests For Payment of Administrative Expenses Incurred During the Chapter 11 Case and For Claims Specified in Section 348(d), signed by the Honorable Alan H.W. Shiff, United States Bankruptcy Judge, District of Connecticut on August 14, 2006, all requests for payment of Chapter 11 administrative expenses shall be filed on or before October 16, 2006 to have such requests allowed.

$90,956.00 ("Allowed Reimbursements") for the period beginning August 1, 2002 through and including June 27, 2006 (the "Entire Fee Period"); and (iv) payment to the Buchanan Firm, as a Chapter 11 administrative expense, of the Allowed Fees and the Allowed Reimbursements, to the extent not previously paid.

3.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## II.      BACKGROUND

4.      On July 12, 2002, FCCG filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

5.      In accordance with the provisions of Section 1102(a)(1) of the Bankruptcy Code, on July 31, 2002 (the "FCCG Formation Date"), the United States Trustee for the District of Connecticut (the "UST") appointed the Official Committee of Unsecured Creditors in the FCCG bankruptcy case (the "FCCG Committee").  Thereafter, the FCCG Committee selected the Buchanan Firm as its counsel.

6.      The Buchanan Firm is a professional corporation of attorneys organized and existing under the laws of the Commonwealth of Pennsylvania.  Among other things, the Buchanan Firm represents creditors and creditors' committees in all facets of insolvency related proceedings.

7.      On October 23, 2002, the Court entered an Order appointing the Buchanan Firm as counsel to the FCCG Committee, *nunc pro tunc*, as of the date of the formation of the FCCG Committee on July 31, 2002, pursuant to Section 1103 of the Bankruptcy Code.

8.      On June 27, 2002, Licata, while residing and working in the State of Connecticut, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.  On August 30, 2002, the Bankruptcy Court in Tampa entered an Order transferring the venue of Licata's bankruptcy case to this Court.

9.      On December 31, 2002, this Court entered an Order consolidating the Chapter 11 cases of FCCG, Licata, and their related entities for procedural purposes, pursuant to Fed. R. Bankr. P. 1015.

10.      In accordance with the provisions of Section 1102(a)(1) of the Bankruptcy Code, on April 3, 2003 (the "Licata Formation Date"), the UST appointed the members of the FCCG Committee as the members of the Official Committee of Unsecured Creditors in the Licata bankruptcy case (the "Licata Committee"). Thereafter, the Licata Committee selected the Buchanan Firm as its counsel.

11.      On May 14, 2003, the Court entered an Order appointing the Buchanan Firm as counsel to the Licata Committee, *nunc pro tunc*, as of the date of the formation of the Licata Committee on April 3, 2003, pursuant to Section 1103 of the Bankruptcy Code.

12.      On February 14, 2003, the Buchanan Firm filed its First Application For Interim Allowance of Compensation and Reimbursement of Expenses for the period August 1, 2002 through and including February 11, 2003 (the "First Interim Period"), seeking an award of compensation in the amount of $94,764.00 and reimbursement of disbursements actually and necessarily incurred in the amount of $10,535.03.

13.      On April 2, 2003, the Court entered an Order approving the Buchanan Firm's Application For First Interim Allowance of Compensation and Reimbursement of Expenses (the

"First Interim Fee Order"). Pursuant to the First Interim Fee Order, the Court awarded compensation to the Buchanan Firm in the amount of $91,564.00 and reimbursement of disbursements incurred in the amount of $8,010.03. A copy of the First Interim Fee Order is annexed hereto as **Exhibit B.**

14.    On August 28, 2003, the Buchanan Firm filed its Second Application For Interim Allowance of Compensation and Reimbursement of Expenses for the period February 12, 2003 through and including July 31, 2003 (the "Second Interim Period"), seeking an award of compensation in the amount of $107,060.00 and reimbursement of disbursements actually and necessarily incurred in the amount of $17,784.66.

15.    On August 18, 2005, the Court entered an Order approving the Buchanan Firm's Application For Second Interim Allowance of Compensation and Reimbursement of Expenses (the "Second Interim Fee Order"). Pursuant to the Second Interim Fee Order, the Court awarded compensation to the Buchanan Firm in the amount of $107,060.00 and reimbursement of disbursements incurred in the amount of $17,784.66. A copy of the Second Interim Fee Order is annexed hereto as **Exhibit C**.

16.    On March 2, 2005, the Buchanan Firm filed its Third Application For Interim Allowance of Compensation and Reimbursement of Expenses for the period August 1, 2003 through and including February 25, 2005 (the "Third Interim Period"), seeking an award of compensation in the amount of $458,240.00 and reimbursement of disbursements actually and necessarily incurred in the amount of $43,736.36.

17.    On August 18, 2005, the Court entered an Order approving the Buchanan Firm's Application For Third Interim Allowance of Compensation and Reimbursement of Expenses (the "Third Interim Fee Order"). Pursuant to the Third Interim Fee Order, the Court

5

awarded compensation to the Buchanan Firm in the amount of $458,240.00 and reimbursement of disbursements incurred in the amount of $43,736.36. A copy of the Third Interim Fee Order is annexed hereto as **Exhibit D**.

18.    On September 7, 2005, the Buchanan Firm filed its Fourth Application For Interim Allowance of Compensation and Reimbursement of Expenses for the period February 9, 2005 through and including July 31, 2005 (the "Fourth Interim Period"), seeking an award of compensation in the amount of $233,313.50. and reimbursement of disbursements actually and necessarily incurred in the amount of $9,673.62.

19.    On October 19, 2005, the Court entered an Order approving the Buchanan Firm's Application For Fourth Interim Allowance of Compensation and Reimbursement of Expenses (the "Fourth Interim Fee Order").  Pursuant to the Fourth Interim Fee Order, the Court awarded compensation to the Buchanan Firm in the amount of $233,313.50 and reimbursement of disbursements incurred in the amount of $9,673.62.  A copy of the Fourth Interim Fee Order is annexed hereto as **Exhibit E**.

20.    The First Interim Fee Order, Second Interim Fee Order, Third Interim Fee Order and Fourth Interim Fee Order shall hereinafter be collectively known as the "Interim Fee Orders".

21.    Pursuant to the Interim Fee Orders, the Buchanan Firm has been awarded, on an interim basis, compensation in the aggregate amount of $890,177.50, and reimbursement of expenses in the aggregate amount of $79,204.67, for a total award of $969,382.17.  As of the date of this Application, the Buchanan Firm has received total payments for compensation and reimbursement of disbursements in the aggregate amount of $969,382.17.

22.     On May 24, 2006, the Buchanan Firm filed its Fifth Interim Fee Application, together with a Request For Hearing, seeking an award of compensation for professional services rendered in the amount of $414,300.00, and reimbursement of disbursements actually and necessarily incurred in the amount of $8,924.47.  As of the date of this Application, no hearing on the Fifth Interim Fee Application has been scheduled.

23.     On June 28, 2006, the Court entered an Order converting the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code.

24.     Pursuant to the August 2006 Order, the Court fixed October 16, 2006 as the last day for filing requests for payment of administrative expenses pursuant to Section 503.

### III.     PROFESSIONAL SERVICES RENDERED DURING THE FINAL FEE PERIOD

25.     Annexed hereto as **Exhibit** **F** is a computerized printout (the "Attorney Log") detailing the services performed by the professionals and paraprofessionals of the Buchanan Firm in its representation of the Committees during the Final Fee Period.  In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Rules"), and the UST Guidelines, the Attorney Log contains individual time notations for each service rendered, which are recorded in tenths of an hour.

26.     Throughout the Final Fee Period, the Buchanan Firm has provided guidance to the Committees with respect to the complexities of the Debtors' bankruptcies.  As a result of the Buchanan Firm's services, the Committees' understanding of the issues presented by this case was greatly facilitated, enabling the Committees to promptly, effectively, and efficiently address matters related to the protection of the interests of the unsecured creditor body and the liquidation of the Debtors' estates.

27.    The services performed by the Buchanan Firm during the Final Fee Period were extensive and of great benefit to the Committees and the estates and included, *inter alia*, the following:

(a)    review, analyze, and respond to various procedural motions filed in the Debtors' bankruptcy cases;

(b)    review, analyze, and respond to detailed financial information regarding the Debtors' assets;

(c)    review, analyze, and respond to the numerous applications submitted to the Court with respect to this case and prepare for and attend hearings on such applications;

(d)    communicate with members of the Committees, their representatives and counsel, and numerous other creditors on issues relating to the case; prepare for and attend numerous meetings and conference calls of the Committees and creditors;

(e)    review, analyze, and respond to motions seeking to convert the Chapter 11 Cases to cases under Chapter 7 of the Bankruptcy Code;

(f)    review, analyze, and respond to the Joint Motion of Titan Management and L. Epstein Hardware to Amend or Modify the Terms of the Court's March 9, 2006 Sale Order;

(g)    review and analyze objections to the First Amended Disclosure Statement (the "Disclosure Statement") and Second Amended Plan of Liquidation (the "Plan"), which Plan and Disclosure Statement were filed by the Committees in conjunction with the Debtors;

(h)     prepare ballots, notices and other correspondence in connection with confirmation of the Plan;

(i)     prepare for and attend the 2004 examination of Licata; and

(j)     analyze the multiple claims filed against the various estates.

28.     The Buchanan Firm, as former counsel to the Committees, played a pivotal role in the Chapter 11 Cases by protecting the rights of general unsecured creditors of those estates.  The Buchanan Firm worked closely with the Committees, as well as with the Debtors, to maximize recoveries and to safeguard the interests of general unsecured creditors.    The Buchanan Firm has taken the necessary and appropriate steps to coordinate efforts with the Debtors and Blum Shapiro, the Committees' accountants, which has ensured, to the best of the Buchanan Firm's ability, that unnecessary duplicative efforts have not occurred in this case.

## A.     <u>Project Billing Format</u>

29.     In compliance with the UST Guidelines, and in order to assist the Court, the Debtors, the UST, and other parties in interest in evaluating the Application, all time entries have been assigned to one of the nine (9) following project categories:

- Administrative Matters

- Sale of the Debtors' Assets

- Fee/Employment Applications

- Claims Administration and Objections

- Plan and Disclosure Statement

- Litigation:  Committees' Fraudulent Conveyance Action

30.     Time entries within each project category are sorted according to the attorney and/or paraprofessional performing the task.  The services rendered by each attorney and/or paraprofessional are listed in chronological order.

31.     To further assist the Court, the Debtors, the UST, and other parties in interest in evaluating the Application, a summary setting forth each project category, the name and title of every attorney and/or paraprofessional who rendered services in connection with that project category, and the time spent performing such tasks (the "Project Billing Summary") is annexed hereto as **Exhibit G.**

### B.     Summary of Significant Matters Performed on Behalf of the Committees

32.     During the Final Fee Period, the Buchanan Firm actively participated in various aspects of the Chapter 11 Cases and continuously presented the Committees' concerns in an efficient and productive manner.  Set forth below is a summary of the most significant matters addressed during the Final Fee Period, including the Buchanan Firm's involvement therein.  The following presentation is not intended to be a complete statement of all professional services rendered, but serves, as stated, only to summarize certain services of major importance which required the special attention, efforts, and skill of the Buchanan Firm.

### *Plan and Disclosure Statement*

33.     The Committees, in conjunction with the Debtors, negotiated, drafted and filed the Disclosure Statement and Plan.  Upon determining that the Disclosure Statement contained adequate information, on April 10, 2006, the Court approved the Disclosure Statement and scheduled June 20, 2006 as the confirmation hearing. During the Final Fee Period, the Buchanan Firm diligently sought approval of the Plan in order to provide for an equitable and orderly distribution to creditors of the Debtors' estates.  Accordingly, the Buchanan Firm reviewed and analyzed objections to the Plan, assisted the Debtors with the voting process by

drafting ballots, notices and related correspondence, and attended hearings and status conferences regarding same.

### *Sale of the Debtors' Assets*

34.     By Order dated June 21, 2005, the Bankruptcy Court authorized and approved the First Amended Asset Purchase Agreement ("FAAPA"), the sale of specific assets (the "Acquired Assets") to SWJ Holdings, LLC ("SWJ") free and clear of liens, claims and encumbrances, and the assumption and assignment to SWJ of certain executory contracts and unexpired leases (the "Sale Order").  Following SWJ's default under the terms of the FAAPA, the Buchanan Firm, in conjunction with counsel for the Debtors', participated in substantial negotiations with SWJ to modify the terms of the Sale.  On March 9, 2006, the Court entered an Order modifying the terms of payment under the FAAPA and subsequent orders of the Court, and on March 13, 2006, the Debtors and SWJ closed under the FAAPA in accordance with the Sale Modification Order (the "Closing").  Notwithstanding the Closing, Titan Management, L.P and L. Epstein Hardware filed a Joint Motion to Amend or Modify the Terms of the Court's March 9, 2005 Sale Order (the "Joint Motion").  In order to safeguard the interest of  the Debtors and the unsecured creditors, the Buchanan Firm, in conjunction with counsel for the Debtors, prepared and filed an objection to the Joint Motion and monitored the disposition thereof.

### *Claims Analyses*

35.     Multiple claims have been filed by creditors throughout the various Debtors' estates.  In an effort to determine the true claims which lie against the Debtors' estates and its assets, the Committees have continued the claims process by analyzing the various claims, including those claims held by the Internal Revenue Service.

### *Administrative Matters*

36.     The Buchanan Firm reviewed, analyzed, and summarized a myriad of documents related to the Debtors' business, financial operations, and liquidation, including, but not limited to, the Debtors' alleged interest in massive real estate holdings.  The Buchanan Firm regularly reported to the Committees on the substance of this financial information.

### *Communications and Meetings With the Committees*

37.     To ensure that the Committees were fully informed of all developments in this case, the Buchanan Firm has extensively consulted and communicated with the Committees.  In certain instances, the Buchanan Firm has been in daily communication with the Debtors' counsel, counsel for various creditors, and the members of the Committees regarding the status of matters affecting the Debtors' estates.

38.     In accordance with the Committees' concern that members be apprised of all matters, the Buchanan Firm has conducted numerous conference calls and in-person meetings with the full Committees and their members to discuss the many applications filed with the Court as well as any other matters of significance.

39.     Additionally, the Buchanan Firm responded immediately to the many telephonic and written inquiries from various general unsecured creditors regarding the status of the Debtors' case.

### C.     **The Buchanan Firm's Professional Profiles**

40.     The following is a brief profile of the attorneys and legal assistants who have performed services on behalf of the Committees for which compensation is sought herein:

### Louis T. DeLucia          *(A shareholder on the Creditors' Rights/Bankruptcy Team)*

41.    Louis T. DeLucia was admitted to practice in New Jersey in 1986.  He obtained a Bachelor of Science degree from George Washington University in 1982 and graduated from University of Tulsa College of Law in 1985.  Mr. DeLucia practices primarily in the field of bankruptcy, insolvency, and creditors' rights law.  He devoted a total of 13.1 hours during the Final Fee Period as attorney for the Committees in these proceedings.  Mr. DeLucia's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### Alan J. Brody          *(A shareholder on the Creditors' Rights/Bankruptcy Team)*

42.    Alan J. Brody was admitted to practice in New Jersey in 1991 and New York in 1992.  He obtained a Bachelor of Science degree from the University of Delaware in 1988 and graduated from New York Law School in 1991.  Mr. Brody practices primarily in the field of bankruptcy, insolvency, and creditors' rights law.  He devoted a total of 159.3 hours during the Final Fee Period as attorney for the Committees in these proceedings.  Mr. Brody's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### John P. Warner          *(A shareholder on the Business Tax and International Tax Teams )*

43.    J.P. Warner was admitted to practice in California and the District of Columbia.  He obtained a Bachelor of Arts degree from The George Washington University in 1971 and graduated from the University of California, Berkeley School of Law in 1977.  Mr. Warner practices primarily in the field of business and international taxation.  He devoted a total of 12.4 hours during the Final Fee Period as attorney for the Committees in these proceedings.

Mr. Warner's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### *Bruce P. Levine*         *(A shareholder on the Financial Services Team )*

44.     Bruce P. Levine was admitted to practice in New York in 1986.  He obtained a Bachelor of Arts degree from the State University of New York, at Albany, in 1982, and graduated from American University, Washington College of Law in 1985.  Mr. Levine practices primarily in the field of financial services.  He devoted a total of 10.2 hours during the Final Fee Period as attorney for the Committees in these proceedings.  Mr. Levine's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### *Patricia A. Lauch*         *(An associate on the Creditors' Rights/ Bankruptcy Team)*

45.     Patricia A. Lauch was admitted to practice in New Jersey in 2004.  She obtained a Bachelor of Arts degree from Seton Hall University in 1997 and graduated from Brooklyn Law School in 2004.  Ms. Lauch practices primarily in the field of creditors' rights and bankruptcy.  She devoted a total of 62.2 hours during the Final Fee Period as an attorney for the Committees in these proceedings.  Ms. Lauch's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### *Karla Villatoro*         *(A Summer Associate)*

46.     Karla Villatoro devoted a total of 5.8 hours during the Final Fee Period assisting the attorneys for the Committees in these proceedings.  Ms. Villatoro's time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

**_Barbara A. Parkes_**        _(A paralegal on the Creditors' Rights/Bankruptcy Team)_

47.    Barbara A. Parkes devoted a total of 71.2 hours during the Final Fee Period assisting the attorneys for the Committees in these proceedings.  Ms. Parkes' time summary and billing rate are set forth in **Exhibit V** annexed hereto, as more particularly described herein.

### IV.   EXPENSES FOR THE FIFTH INTERIM PERIOD

**A.    Itemized List of Disbursements**

48.    Annexed hereto as **Exhibit H** is a computerized printout summarizing the actual and necessary disbursements incurred by the Buchanan Firm (the "Cost Summary") in its representation of the Committees during the Fifth Interim Period.

49.    Annexed hereto as **Exhibits I** through **U** are computerized printouts detailing the individual disbursements incurred with respect to each expense category.  The expenditures for each expense category are listed in chronological order.

**B.    Receipts/Supporting Documentation**

50.     The Buchanan Firm has conducted a diligent search of its records to locate the receipts and/or supporting documents that evidence the actual and necessary disbursements made by the Buchanan Firm in its representation of the Committees.  The receipts and/or supporting documents that were recovered are annexed to the corresponding computer printouts attached as **Exhibits I** through **U**.

51.    All receipts and/or supporting documents have been redacted where appropriate to preserve confidential information regarding other clients, account numbers, and personal information about the attorneys and/or paraprofessionals employed by the Buchanan Firm.

52.    All receipts and/or supporting documents evidence the actual and necessary costs incurred by the Buchanan Firm.

### V.  REQUEST FOR ALLOWANCE OF FEES AND EXPENSES
### FOR THE FINAL FEE PERIOD

53.    The Buchanan Firm respectfully requests a final fee allowance for professional services rendered in the amount of $78,206.00.  The Buchanan Firm has also necessarily incurred actual and necessary disbursements in the amount of $2,826.86, in the performance of the Buchanan Firm's duties to the Committees during the Final Fee Period.

54.    The fees charged by the Buchanan Firm in this Chapter 11 case are billed in accordance with its existing billing rates and procedures in effect during the Final Fee Period.

55.    In an effort to reduce potential administrative expenses of the Debtors' estate, the Buchanan Firm agreed to charge a maximum hourly rate of $270.00 for shareholders, a rate substantially below the Buchanan Firm's customary charges for bankruptcy and non-bankruptcy clients.  The rates charged for the services of the Buchanan Firm associates, paralegals, and clerks are the same customary rates charged for services performed on behalf of other bankruptcy and non-bankruptcy clients.  Such fees are reasonable based on the customary compensation by comparably skilled practitioners in a competitive legal market.  As a result of this voluntary rate reduction, the total amount of fees for professional services rendered during the Final Fee Period has been reduced by $21,833.00.

56.    In the performance of its duties, the Buchanan Firm has assigned work to partners, associates, and paralegals in the most cost effective manner without compromising the effectiveness of its representation of the Committees.

57.    No agreement or understanding exists between the Buchanan Firm and any other person or persons for the sharing of compensation received or to be received for

professional services rendered in or in connection with this case, nor will any be made except as permitted under Section 504(b)(1) of the Bankruptcy Code.

58.    This is the Buchanan Firm's sixth and final request for an award of compensation in this case.  In accordance with the United States Trustee Guidelines (the "UST Guidelines"), a summary of the Buchanan Firm's current Application, as well as past application amounts and awards, is annexed hereto as **Exhibit** **W**.

## CONCLUSION

**WHEREFORE**, the Buchanan Firm respectfully requests: (i) an award of compensation for professional services rendered in the amount of $414,300.00 and reimbursement of disbursements actually and necessarily incurred in the amount of $8,924.47, recorded during the Fifth Interim Period; (ii) an award of compensation for professional services rendered in the amount of $78,206.00, and reimbursement of disbursements actually and necessarily incurred in the amount of $2,826.86, recorded during the Final Fee Period; (iii) final allowance of compensation for professional services rendered to and on behalf of the Committees during the Chapter 11 Cases in the aggregate amount of $1,382,683.50, together with reimbursement of disbursements actually and necessarily incurred in the aggregate amount of $90,956.00, recorded during the Entire Fee Period; (iv) payment to the Buchanan Firm, as

Chapter11 administrative expense, of the Allowed Fees and the Allowed Reimbursements, to the

extent not previously paid.

Dated:  October 16, 2006

**BUCHANAN INGERSOLL & ROONEY PC**
Former Counsel to the Official Committees of
Unsecured Creditors of First Connecticut
Consulting Group, Inc. and James Licata


By: _/s/ Alan J. Brody_____
     Louis T. DeLucia (LD 3879)
     Alan J. Brody (AB 4777)
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
(609) 987-6800