**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
In re:                              :
                                    :
First Connecticut Consulting        :    Chapter 7
Group, Inc., *et al.*,              :    Case No. 02-50852
                                    :    Jointly Administered[1]
    Debtor.                         :
_____X

Appearances:

Paul N. Gilmore, Esq.               :    Attorney for the Trustees
Updike, Kelly & Spellacy, P.C.      :    Chorches and Coan
P.O. Box 231277                     :
100 Pearl Street                    :
Hartford, CT                        :

Roy W. Moss. Esq.                   :    Attorney for James Licata and
143 Rowayton Avenue                 :    East Coast Investments, LLC
Rowayton, CT                        :

**MEMORANDUM OF DECISION AND ORDER ON**
**TRUSTEES' MOTION TO TRANSFER CASE**

**Introduction**

Chapter 7 trustees, Ronald I. Chorches[2] and Richard Coan[3] ("Trustees"), have filed the instant motion under Bankruptcy Rule 1014(b) seeking an order transferring East Coast Investments, LLC's ("East Coast") Chapter 11 case from the Middle District of Florida to this district. East Coast, James J. Licata ("Licata"), and his wife, Cynthia

---

[1] The court notes that Licata caused approximately 25 other affiliated First Connecticut entities to file for bankruptcy protection, but that is not relevant to the issue presented.

[2] Attorney Chorches is the trustee for the bankruptcy estate of James J. Licata, case number 02-51167.

[3] Attorney Coan is the trustee for the bankruptcy estate of First Connecticut Consulting Group, Inc., case number 02-50852.

Licata,[4] objected. For the reasons that follow, the Trustees' motion to transfer is denied.

## Background[5]

On June 27, 2002, Licata commenced a Chapter 11 case in the Middle District of Florida. On July 12, 2002, First Connecticut Consulting Group, Inc. ("First Connecticut"), filed a Chapter 11 petition in this court. Licata is listed as holding a 50% shareholder interest in First Connecticut. On August 30, 2002, the Florida court ordered the transfer of Licata's case to this district. The transfer occurred on September 20, 2002. On December 30, 2002, those cases were administratively consolidated. (*See* ECF. No. 86.) On June 28, 2006, they were converted to Chapter 7, and the Trustees were appointed.

On February 25, 2010, Licata commenced an involuntary Chapter 11 petition in the Middle District of Florida against East Coast. (*See In re East Coast Investments, LLC*, Case No. 8:10-bk-04202 (CPM), Involuntary Petition (M.D. Fla. Feb. 25, 2010).) On July 29, 2010, an Order of Relief entered. *See* § 303(h). Licata is listed as holding a 24.9% general membership interest in East Coast.

## Discussion

Bankruptcy Rule 1014(b) provides in relevant part:

> If petitions commencing cases under the Code . . . are filed *in different districts* by, regarding, or against . . . (4) a debtor and an affiliate, on motion filed in the district in which the

---

[4] Despite being a party to the "Preliminary Objection to Motion to Transfer and Request for Evidentiary hearing" (ECF No. 1881), Cynthia Licata did not join in the prosecution of the objection.

[5] This "Background" section is derived from the evidence presented at the January 12, 2012 evidentiary hearing on the Trustee's motion to transfer. Neither East Coast nor Licata presented any evidence.

> petition filed first is pending . . . , the court may determine, in
> the interest of justice or for the convenience of the parties,
> the district or districts in which the . . . cases should proceed.
> . . . .

Fed. R. Bankr. P. 1014(b) (emphasis added).

      The court initially observes that since the Licata and East Coast cases were each commenced in the Middle District of Florida, the Trustees cannot meet the threshold requisite for a Rule 1014(b) transfer. It is of no consequence that Licata's case was later transferred to this district.

      First Connecticut's case was filed in this district; so, it has satisfied the "different districts" predicate of Rule 1014(b). It has not, however, satisfied the next prong of the transfer rule, *i.e.*, that it is an affiliate of East Coast. While the record supports a finding that First Connecticut and East Coast are each affiliates of Licata, there was no evidence to demonstrate that First Connecticut and East Coast are affiliates of each other. See 11 U.S.C. § 101(2); Rule 1014(b)(4). That is fatal to the Trustees' transfer motion.

## Conclusion

      Accordingly, IT IS ORDERED that the Trustees' motion to transfer (ECF No. 1861) is denied.

Dated this 27th day of July 2012 at Bridgeport, Connecticut.

BY THE COURT

*/s/ Alan H. S. Shiff*

Alan H. S. Shiff
United States Bankruptcy Judge